**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 02-30259

(Summary Calendar)

_____

MONICA THIBODEAUX, Individually and as Administrator of her
Minor Children, Gable Rousse and Rhett Thibodeaux

Plaintiff-Appellee,

versus

FORD MOTOR COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
USDC No. 00-CV-785-N

_____

November 18, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Ford Motor Company ("Ford") appeals the district court's denial of its motion for judgment

---

     [*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a matter of law in this manufacturing defects suit brought by Monica Thibodeaux ("Thibodeaux") under the Louisiana Products Liability Act (LPLA), LA. REV. STAT. ANN. § 9:2800.51, *et. seq.* Ford claims there was insufficient evidence for a reasonable jury to find against Ford as to both liability and damages. Ford also objects to the district court's refusal to give a jury instruction on spoliation of the evidence. We affirm the district court's ruling in all respects.

Thibodeaux was a passenger in a 1999 Ford F-150 pickup, when that car struck another vehicle in a head-on collision. The accident caused Thibodeaux to suffer serious injuries (a broken right clavicle and two fractures in her left femur), requiring multiple surgeries. Thibodeaux blamed the severity of her injuries on the failure of the passenger-side airbag to inflate on impact. Thibodeaux claimed that, although the driver-side airbag deployed properly, her airbag did not deploy until minutes after the crash. Thibodeaux brought suit against Ford in state court under the LPLA, claiming that the failure of the airbag to deploy in a timely fashion was caused by a defect in the airbag system.

Ford removed the case to federal court, and filed a motion for summary judgment. The district court granted the motion in part, dismissing the plaintiff's claims based on design defect, inadequate warning, and breach of express warranty. The district court found, however, that there existed a genuine dispute as to whether there was a manufacturing defect in the airbag system, and allowed the case to proceed to trial on that ground.

At trial, Ford filed a motion for judgment as a matter of law on the issue of liability. Ford also filed a motion for partial judgment as a matter of law respecting the plaintiff's claim of lost wages. The district court denied both motions, and the jury returned a verdict in favor of the plaintiff.

The jury found Ford 25% liable for the plaintiff's injuries,[1] and ordered damages in the amount of $710,435.21. Ford now appeals.

We conduct de novo review of the district court's ruling on a motion for judgment as a matter of law, applying the same legal standard as the district court. A motion for judgment as a matter of law should be granted when "'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000) (quoting FED. R. CIV. P. 50(a)). We must consider all of the evidence, but, in doing so, we "draw all reasonable inferences in favor of the nonmoving party." *Id.* at 150. In performing this analysis, we are steadfastly aware of the "function of the jury as the traditional finder of facts." *Boeing Co. v. Shipman*, 411 F.2d 365, 375 (5th Cir. 1969). We therefore leave to the jury matters such as credibility determinations and the weighing of the evidence. *Reeves*, 530 U.S. at 150.

Since this case arises under our diversity jurisdiction, we apply Louisiana law. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). The LPLA serves as the exclusive state law remedy for individuals who have been harmed by product defects. LA. REV. STAT. ANN. § 9:2800.52 (2002). To recover under the LPLA on a theory of manufacturing defect, a plaintiff must show that (1) the product is unreasonably dangerous because it "deviated in a material way from the manufacturer's specifications or performance standards," *id.* § 9:2800.55; (2) the defect existed at the time the product left the manufacturer's control, *id.* § § 9:2800.55, 9:2800.54(C); and (3) the defect was a proximate cause of the plaintiff's injuries, *id.* § 9:2800.54.

---

[1] The jury found that Steven Bourg, the driver of the Ford (and, at that time, Thibodeaux's boyfriend) who had been drinking prior to the accident, was 75% responsible for Thibodeaux's injuries.

Ford claims that Thibodeaux failed to present sufficient evidence of the first element: that the product deviated in a material way from the manufacturer's specifications or performance standards. Ford's claim, however, is belied by the record. The parties stipulated that, under conditions such as those of Thibodeaux's accident, the passenger-side airbag should have deployed. To show that the airbag had "deviated" from that standard by not deploying, Thibodeaux presented three witnesses who testified at trial that, at the time they arrived at the scene of the crash, the passenger-side airbag was not inflated. Their testimony was corroborated by the plaintiff's biomechanics expert, who testified that Thibodeaux's injuries were consistent with the failure of the airbag to deploy. Under Louisiana law, a manufacturing defect may be demonstrated by such circumstantial evidence and eyewitness testimony. *See Jurls v. Ford Motor Co.*, 752 So. 2d 260, 265 (La. Ct. App. 2000) ("[A] manufacturing defect may be established by circumstantial evidence under the evidentiary doctrine of res ipsa loquitur."); *id.* at 266 (observing that expert testimony of a specific defect is not required to make out a prima facie case of manufacturing defect); *see also Williams v. Emerson Elec. Co.*, 909 F. Supp. 395, 399 (M.D. La. 1995), cited approvingly in *Jurls*, 752 So. 2d at 265 (denying summary judgment in a manufacturing defects suit applying the LPLA because, "[i]n the uncontradicted testimony of eyewitnesses," an almost brand-new ladder had failed to function properly).

To be sure, Ford countered with the testimony of a state trooper and paramedic who arrived on the scene shortly after the accident and found the passenger-side airbag inflated. In addition, relying on Thibodeaux's admission that the driver-side airbag deployed properly, Ford presented an expert in automotive engineering, who testified that it was "impossible" for the two airbags to have deployed at different times.

The jury, however, apparently believed the testimony of the plaintiff's witnesses that the

airbag did not inflate until after the collision. It is not the province of this Court to question the jury's determinations on issues of credibility or the weighing of evidence. We find that there was sufficient evidence to support the jury's verdict on the issue of liability, and that the district court did not err in refusing to grant Ford's motion for judgment as a matter of law.

Ford also contends that the trial court erred in failing to give a jury instruction regarding the destruction of the F-150 pickup. We review challenges to jury instructions for abuse of discretion. *Battle ex rel. Battle v. Memorial Hosp. at Gulfport*, 228 F.3d 544, 554 (5th Cir. 2000).

Under Louisiana law, a litigant's failure to preserve evidence within his control raises a presumption that the evidence would have been harmful to the litigant's case, and a judge may issue a jury instruction to that effect. *McElroy v. Allstate Ins. Co.*, 420 So. 2d 214, 216 (La. Ct. App. 1982). In this case, because the F-150 was destroyed before Ford could examine it, the company requested such an instruction. Ford argues that Thibodeaux knew the whereabouts of and had control over the vehicle, because the owner at the time of the accident was Thibodeaux's boyfriend. Ford observes that Thibodeaux was able to photograph and examine the vehicle after the accident, and concludes that she must have had control over the car. Thus, Ford argues, Thibodeaux had an obligation to preserve the evidence. Ford contends that the district court should have instructed the jury that the production of the F-150 would have been harmful to Thibodeaux's case.[2]

However, under Louisiana law, a jury may not make this adverse presumption when the party failing to produce the evidence provides a reasonable explanation for that non-production. *Allen v.*

---

[2]     Ford proposed the following jury instruction:
Because plaintiff allowed the subject F-150 truck to be destroyed, presumably with the approval of her attorney, a presumption in the law arises that, had the truck been introduced as evidence at trial, it would have been unfavorable to the plaintiff's case.

*Blanchard*, 763 So. 2d 704, 709 (La. Ct. App. 2000); *Hooker v. Super Products Corp.*, 751 So. 2d 889, 910 (La. Ct. App. 1999); *Randolph v. General Motors Corp.*, 646 So. 2d 1019, 1026 (La. Ct. App. 1994). Thibodeaux, pointing out that she is not the owner of the car, claims never to have exerted control over the vehicle. In addition, Thibodeaux asserts that she has had little contact with the owner since the accident. As a result, she claims, she did not have the power to prevent the destruction of the vehicle.

The district court, in declining to give the instruction requested by the defense, apparently found Thibodeaux's explanation to be reasonable. Under these facts, we cannot say that the district court abused its discretion.

Finally, Ford claims that the district court erred in failing to grant its motion for partial judgment as a matter of law on the issue of damages. Ford, however, waived this claim by not presenting it to the district court in a post-judgment motion.

It is "well-established" that we do not review a damage award issued by a jury unless the trial court was given the opportunity to review the matter in a motion for a new trial or other post-judgment motion. *Bueno v. City of Donna*, 714 F.2d 484, 493-94 (5th Cir. 1983); *see Lebron v. United States*, 279 F.3d 321, 325 n.2 (5th Cir. 2002) (confirming that this rule applies to jury trials, but stating that no such requirement exists when the damage award is set by a judge). We depart from this rule only in exceptional circumstances. Such circumstances exist when the party objecting to the award raises a pure question of law and our failure to consider the issue would result in a miscarriage of justice. *Pounds Photographic Labs, Inc. v. Noritsu America Corp.*, 818 F.2d 1219, 1226 (5th Cir. 1987); *Bueno*, 714 F.2d at 494.

Ford does not raise a pure question of law, nor does it make any effort to show that our

failure to review the jury's damage award in this case would result in a miscarriage of justice. Under these circumstances, we decline to consider Ford's claim.

In sum, we hold that the district court did not err in denying Ford's motion for judgment as a matter of law on the issue of liability, and did not abuse its discretion in refusing to give a jury instruction on spoliation of the evidence.

AFFIRMED.