CLAUDE AND TAMMIE AUCOIN

VERSUS

DIAZ LLC AND ADMIRAL INSURANCE
COMPANY ET AL

NO. 23-C-294

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

June 27, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** DIAZ LLC, DIAZ II LLC, DIAZ REALTY INVESTMENTS AND ADMIRAL INSURANCE COMPANY

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE STEPHEN D. ENRIGHT, JR., DIVISION "N", NUMBER 809-603

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson

## WRIT GRANTED IN PART; DENIED IN PART

Defendants/Relators seek review of the trial court's May 15, 2023 judgment granting Plaintiffs' motion for an adverse presumption based on spoliation of evidence in this personal injury suit arising from an accident at a convenience store and gas station. For the following reasons, the writ is granted in part and denied in part.

On August 25, 2020, Plaintiffs Claude and Tammie Aucoin, filed suit against Diaz, LLC and Admiral Insurance Company; and thereafter, in November 2022, filed a supplemental and amending petition to add Diaz Realty Investments, LLC and Diaz II, LLC as defendants (collectively "Diaz"), claiming Diaz is liable for damages as a result of injuries Plaintiff Claude Aucoin allegedly sustained at a convenience store and gas station owned and operated by Diaz.

On August 31, 2019, Mr. Aucoin stopped at Diaz Market, a convenience store and gas station located in Kenner, Louisiana, and parked his vehicle near the carwash

23-C-294

and the automobile vacuum cleaner, located on the Diaz Market premises, in order to clean out his car. According to the petition for damages, Mr. Aucoin approached the vacuum cleaner and bent down to reach for the vacuum hose when he struck his head on a piece of metal protruding from a post located behind the vacuum cleaner. Plaintiffs allege that Mr. Aucoin sustained concussive injuries, as well as emotional and/or psychological injuries, bruising, tingling, and neck pain, for which Diaz is liable.

On March 28, 2023, Plaintiffs filed a motion for adverse presumption based on the theory of spoliation of evidence. Diaz and codefendant StarStone National Insurance Company filed oppositions to Plaintiffs' motion, and a hearing was held on the matter on April 18, 2023. The trial court took the matter under advisement and subsequently rendered judgment in favor of Plaintiffs, granting their motion for adverse presumption, and issued written reasons. Diaz now seeks this Court's supervisory review of the trial court's May 15, 2023 ruling.

In *Temes v. Manitowoc Corp.*, 14-93 (La. App. 5 Cir. 12/23/14), 181 So.3d 733, 740, this Court explained:

> The theory of "spoliation of evidence" refers to an intentional destruction of evidence for the purpose of depriving opposing parties of its use. The tort of spoliation of evidence has its roots in the evidentiary doctrine of "adverse presumption," which allows a jury instruction for the presumption that the destroyed evidence contained information detrimental to the party who destroyed the evidence unless such destruction is adequately explained. *Desselle v. Jefferson Parish Hosp. Dist. No. 2*, 04-455 (La. App. 5 Cir. 10/12/04), 887 So.2d 524, 534. However, the presumption of spoliation is not applicable when the failure to produce the evidence has a reasonable explanation. *Allen v. Blanchard*, 99-0277 (La. App. 1 Cir. 03/31/00), 763 So.2d 704, 710.

Plaintiffs' motion complains of Diaz's failure to preserve: (1) the store's video surveillance footage from the date of the accident; (2) the physical piece of metal; (3) the configuration of the metal piece as it appeared at the time Mr. Aucoin was injured; and (4) the carwash premises. In support of their motion, Plaintiffs presented the September 4, 2019 preservation notice they sent to Diaz, instructing

2

Diaz "to retain, preserve and protect any and all video of [August 31, 2019,] as well as all records and physical evidence in anticipation of litigation." The preservation letter also attached the incident report and the photographs Tammie Aucoin, Mr. Aucoin's wife, took on the day of the accident. Plaintiffs assert that despite Diaz's receipt of the preservation notice, Diaz failed to view and preserve the video footage from the date of the incident, and one week before Dorian M. Diaz's ("Mr. Diaz") scheduled deposition, Mr. Diaz had the carwash portion of the premises demolished, and with it, the offending metal piece and the post into which it had been embedded were also discarded.

The motion points out that Kevin Glidewell, the insurance adjuster who investigated the claim within two weeks of the incident, including a site inspection, testified during his deposition that he was not aware of the preservation letter and had he known about it, he would have made efforts to ensure preservation of the metal piece. Additionally, the motion states that "but for the pictures from [Mrs. Aucoin's] cell phone, there would be no evidence of the actual placement of this dangerous condition" because Mr. Diaz "[tore] down the entire scene and [threw] away the evidence, 1 week before this [sic] deposition." Plaintiffs further assert that their purpose for seeking an adverse presumption is "to ensure any defense [Diaz] may claim blaming Aucoin, or others are cut off by the presumption."

Opposing the motion, Diaz and StarStone argued that Plaintiffs are not entitled to an adverse presumption because by the time Diaz received the notice of preservation, the video footage had already been overwritten as part of the standard operating practices of the business. Likewise, Diaz and StarStone averred that the discarding of the offending metal piece does not prejudice Plaintiffs' case in that the photographs taken by Mrs. Aucoin and Mr. Glidewell sufficiently demonstrate what the piece of metal looked like and where it was located. They also contend that the demolition of the carwash occurred over three years after the accident, and therefore,

3

Plaintiffs had ample opportunity to inspect the premises. Furthermore, Diaz and StarStone maintain that the demolition of the carwash was a business decision based upon storm related damages to the premises.

After taking the matter under advisement, the trial court issued a blanket ruling granting an adverse presumption on the basis of spoliation of the evidence. The trial court judgment states, "[Plaintiffs] are entitled to an instruction to the jury on the adverse presumption of spoliation due to Defendants' conduct." In its written reasons, the trial court concluded that "Defendants were on notice as of Sept[sic] 9, 2019 to preserve the physical evidence. It is undisputed that Mr. Diaz later went on to destroy the evidence without first notifying Plaintiffs' counsel to determine if there was any further need to preserve said evidence."

In that the trial court's judgment makes no distinction as to the individual items and categories of evidence raised in the motion, it appears the trial court granted an adverse presumption as to all the evidence. Because we find Plaintiffs are not entitled to an adverse presumption based on spoliation of the evidence in every instance raised in Plaintiffs' motion, we address each one separately.

As an initial matter, Plaintiffs conceded at the hearing on the motion that it was possible that the failure to preserve the video footage was unintentional because Diaz received the preservation notice on September 9, 2019, and based on testimony presented, the time for recovering the video footage would have already lapsed. The hearing transcript suggests that upon this concession, Plaintiffs abandoned their spoliation argument as to the video footage. To the extent, however, that the trial court granted an adverse presumption pertaining to the video footage, the trial court's ruling was in error.

Plaintiffs, however, maintain their argument with regard to the metal object embedded on the post on which Mr. Aucoin struck his head, arguing that Diaz's failure to preserve the physical evidence was intentional. Plaintiffs argue that Diaz

4

destroyed the physical evidence for the purpose of depriving Plaintiffs of its use at trial. In opposition to the instant writ application, Plaintiffs contend that "[t]he issue is the loss and destruction of the evidence that hurt Mr. Aucoin within two (2) weeks after the event, while [Diaz] was on notice of the request, and decided to alter and eventually lose the evidence." In this regard, Plaintiffs' argument, regarding the spoliation of the piece of metal, is two-fold.

First, Plaintiffs argue they are entitled to an adverse presumption because Diaz removed the metal piece from its original location and, as a result, altered the configuration and placement of the protruding piece of metal as it appeared when Mr. Aucoin was injured. While the parties do not dispute that the metal piece itself was still available when Mr. Glidewell conducted his investigation on September 13, 2019[1], Plaintiffs failed to present evidence to establish when the protruding piece of metal was dislodged and removed from its original location as it appeared on August 31, 2019. Unlike the video footage, it is unclear if the piece of metal was removed from its original location before or after Diaz received notice to preserve the physical evidence. Assuming Diaz removed the metal piece before receiving Plaintiffs' preservation notice on September 9, 2019, it is arguable that Plaintiffs are not entitled to an adverse presumption for Diaz's failure to preserve the offending piece of metal in the same state it appeared on August 31, 2019. Because at this point there is no evidence to establish when the metal piece was removed, and thus altering the configuration of the injury site, we find the granting of an adverse presumption based on Diaz's removal of the metal piece is premature.

Second, Plaintiffs also seek an adverse presumption based on Diaz's discarding of the actual physical piece of metal. Diaz received the preservation

---

[1] The instant writ application states that Mr. Glidewell performed his investigation within days of Diaz's receipt of the September 2019 preservation notice and within two weeks of the accident. Photographs taken by Mr. Glidewell as part of his report indicate his investigation took place on or about September 13, 2019; however, in StarStone's writ application, in affiliated case no. 23-C-300, StarStone states that Mr. Glidewell performed his investigation in September 2021, two years after the accident.

notice via certified mail on September 9, 2019, which Giselle Diaz Eastlick, the general manager of Diaz, LLC, testified was "turned …over to the insurance company." Mr. Glidewell testified in his deposition that he was not aware of the preservation letter, nor was he ever informed that a request to preserve physical evidence was made. Mr. Glidewell stated that if he had known of the preservation letter or the need to preserve the evidence, he would have instructed Diaz to keep it.[2]

The preservation notice specifically instructed Diaz to retain and preserve any and all physical evidence and informed Diaz of the potential for litigation. The letter, sent less than two weeks after the accident, included the photographs taken by Mrs. Aucoin on August 31, 2019, and the incident report, which indicated Mr. Aucoin struck his head on a protruding piece of metal. The specific request to preserve any physical evidence; Diaz's knowledge that the alleged dangerous condition was the protruding piece of metal, as evidenced by the photographs attached to the notice; and Plaintiffs' notice that they were considering filing suit, reasonably put Defendants on notice that the offending piece of metal would be relevant evidence to the instant litigation. Therefore, despite Diaz having previously removed the metal piece, Diaz had a duty to preserve the physical piece of metal and failed to do so. Inasmuch as the trial court granted Plaintiffs' motion for an adverse presumption for the discarding of the actual metal piece, we find no abuse of the trial court's discretion.

However, while Plaintiffs argue, in part, that they are seeking an adverse presumption instruction in order to bar Diaz from asserting a contributory negligence defense, as to Mr. Aucoin or others, it is imperative to acknowledge, as highlighted by the concurrence, that the spoliation instruction has no bearing on whether the trial court allows or disallows any specific defense at trial.

---

[2] Mr. Glidewell's deposition testimony is not attached to the instant writ application; however, we take judicial notice of the fact that in affiliated case no. 23-C-300, StarStone's writ application includes as an attachment Mr. Glidewell's deposition testimony.

Lastly, Plaintiffs' claim that they are entitled to an adverse presumption based on Diaz's demolition of the carwash. The accident occurred on August 31, 2019, and that same day Mrs. Aucoin took photographs of the scene including the offending piece of metal and the vacuum cleaner, which was a stand-alone unit adjacent to, rather than attached to the carwash. Less than two weeks after the accident, Mr. Glidewell also inspected and photographed the site. Moreover, Plaintiffs' counsel visited the accident scene in May 2022 to take photographs and videos of the site. Although Diaz did not inform Plaintiffs of its decision to tear down the carwash, the demolition of the carwash did not take place until January 2023. The only fact tending to suggest that the demolition of the carwash was for the purpose of depriving Plaintiffs from inspecting the premises or discovering evidence detrimental to Diaz's case is that the demolition occurred one week before Mr. Diaz's scheduled deposition. However, this fact alone is insufficient to prove Diaz intended to deprive Plaintiffs' access to the evidence considering, Plaintiffs had nearly four years to photograph, video, and inspect the subject property and were permitted to so on multiple occasions. Furthermore, it is unclear what relevancy, if any, the carwash has in this case. The parties do not dispute that the injury-causing condition was the piece of metal protruding from behind the standalone vacuum cleaner unit, which was an entirely separate entity from the carwash building.

Given these circumstances, particularly the nearly four-year delay in demolishing the carwash and the fact that the scene was photographed and documented on multiple occasions prior to its demolition, Plaintiffs have not shown that an adverse presumption, based on the theory of spoliation evidence, from Diaz's demolition of the carwash, is warranted. *See Critton v. State, Dep't of Transp. & Dev.*, 43,328 (La. App. 2 Cir. 6/4/08), 989 So.2d 207, 210 (finding no adverse presumption was warranted where the subject roadway was resurfaced almost two years after suit was filed and a year after notice of the resurfacing was posted);

7

*Constans v. Choctaw Transp., Inc.*, 97-0863, 97-0864 (La. App. 4 Cir. 12/23/97), 712 So.2d 885, 902 (adverse presumption did not apply where truck bumper was photographed and investigated in the weeks following the accident, but thereafter not examined for at least one year and a half before it was eventually replaced in the normal course of business); *and also Everhardt v. La. Dep't of Transp. & Dev.*, 07-0981 (La. App. 4 Cir. 2/20/08), 978 So.2d 1036 (finding adverse presumption did not apply in wrongful death action brought by wife of dump truck operator who died when his truck flipped over on the highway, where wife sold the truck for scrap materials a year after the accident and after defendant served, no attempt was made to examine the truck before it was sold, and no evidence suggested that wife disposed of the truck in order to deprive defendant of discovering evidence detrimental to her case).

In light of the foregoing, we find the trial court abused its discretion when it rendered a broad-brush judgment, granting Plaintiffs' motion for an adverse presumption based on spoliation of the evidence. Inasmuch as the trial court granted the motion for Diaz's failure to preserve the video footage, removing the metal piece and altering the configuration of accident scene as it appeared on August 31, 2019, and demolishing the carwash premises, the trial court's ruling is reversed; however, to the extent the trial court granted Plaintiff's motion based on Diaz's discarding of the physical piece of metal, the trial court's ruling is affirmed. Accordingly, the writ is granted in part and denied in part.

Gretna, Louisiana, this 27th day of June, 2023.

**FHW**
**JGG**

8

CLAUDE AND TAMMIE AUCOIN                    NO. 23-C-294

VERSUS                                       FIFTH CIRCUIT

DIAZ LLC AND ADMIRAL INSURANCE               COURT OF APPEAL
COMPANY ET AL
                                             STATE OF LOUISIANA

## CHAISSON, J., CONCURS WITH REASONS

The sole issue before the trial court on Respondents' Motion for Adverse Presumption on Spoilation (sic) is whether Respondents are entitled to a jury instruction on the law regarding application of an adverse presumption for Realtors' intentional spoliation of evidence. Because Mr. Diaz intentionally discarded the piece of metal on which Mr. Aucoin was injured, in violation of its known obligation not to do so and without advance notice to Respondents, there is sufficient evidence upon which the jury could determine that the adverse presumption is applicable in this case to the extent that the detached piece of metal could assist the jury in its liability determination. I therefore agree with the majority that the trial court did not abuse its discretion in determining that Respondents are entitled to the requested jury charge. Whether the jury chooses to apply that adverse presumption in this case is a determination for the jury based upon the facts as the jury finds them at trial.

To the extent that Respondents contend that their entitlement to this jury charge will "ensure any defense [Diaz] may claim blaming Aucoin, or others are (sic) cut off by the presumption," and Respondents' concern that the trial court will "use the presumption to exclude any evidence/defense that Aucoin was negligent or failed to observe what he should have observed, i.e., an open and obvious condition," there is nothing in the trial court's judgment that indicates that its decision to allow the requested jury charge is a determination that the trial court

9

will exclude any defenses raised by Relators and/or not allow testimony and evidence in support of those defenses. I find that these arguments are not pertinent to the sole issue that was before the trial court on Respondents' motion. I therefore respectfully concur with the majority disposition.

**RAC**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **06/27/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-C-294**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Stephen D. Enright, Jr. (DISTRICT JUDGE)
Melvin A. Eiden (Relator)
James M. White, III (Relator)
Andrew D. Weinstock (Respondent)
J. Patrick Connick (Respondent)

### MAILED

Lewis O. Unglesby (Respondent)
Attorney at Law
112 Founders Drive
Baton Rouge, LA 70810

Lance C. Unglesby (Respondent)
Attorney at Law
607 St. Charles Avenue
Suite 300
New Orleans, LA 70130

Yul D. Lorio (Respondent)
Attorney at Law
1228 Camellia Boulevard
Suite A
Lafayette, LA 70508

Christian B. Bogart (Respondent)
Attorney at Law
433 Metairie Road
Suite 600
Metairie, LA 70005

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

rticle Addressed to:

:by
Attorney at Law
112 Founders Drive
Baton Rouge, LA 70810
23-C-294                    06-27-23

9590 9402 2434 6249 3634 75

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 7691

A. Signature
X _Westmoland_    □ Agent
                  □ Addressee
B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?    □ Yes
   If YES, enter delivery address below:           □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
☑ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
  I Restricted Delivery

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lance C. Unglesby
607 St. Charles Avenue
Suite 300
New Orleans, LA 70130
23-C-294                        06-27-23

|||||||||||||||||||||||||||||||||||||||||

9590 9402 2434 6249 3634 51

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 8049

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____    ☐ Agent
                         ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
                                    6/28/23

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
   Mail Restricted Delivery
   00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete Items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Yul D. Lorio
1228 Camellia Boulevard
Suite A
Lafayette, LA 70508
23-C-294                    06-27-23

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||
9590 9402 2434 6249 3634 68

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 8056

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X D L Pitre                              ☐ Agent
                                          ☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery
D L Pitre

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:            ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☑ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt